**DAVID J. HOLDSWORTH (4052)**
Attorney for Plaintiff
9125 South Monroe Plaza Way, Suite C
Sandy, UT  84070
Telephone (801) 352-7701
Facsimile (801) 567-9960
david_holdsworth@hotmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| HOWARD O. FORD, | : | **COMPLAINT** |
| | : | **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MEGAN J. BRENNAN, | : | |
| POSTMASTER GENERAL, UNITED | : | |
| STATES POSTAL SERVICE, | : Case No. | |
| | : | |
| Defendant. | : Hon. | |

COMES NOW Howard O. Ford , Plaintiff herein, complains of Defendant Megan J. Brennan, Postmaster General, United States Postal Service (hereinafter referred to as "USPS"), demands trial by jury, and as and for causes of action, alleges as follows:

**NATURE OF THE CASE**

This is a civil action for redress and damages arising from the USPS's interference with and deprivation of Mr. Ford's rights to leave and non-retaliation

secured by the Family & Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq.

## PARTIES

1. Mr. Ford is an individual who is a citizen of the United States and a resident of the State of Utah. He is a former employee of the USPS.

2. The USPS is a quasi independent agency of the federal government which conducts operations in the State of Utah and which is an "employer" with the meaning of the FMLA and which was Mr. Ford's employer during the period of time relevant to this action.

## JURISDICTION AND VENUE

3. Mr. Ford alleges that at all times relevant to this action, the USPS employed 50 or more employees within a 75 mile radius of the Cottonwood Heights, Utah, post office and, therefore, was and is subject to the coverage scheme of the FMLA.

4. The USPS is an "employer" within the meaning of 29 U.S.C. § 2611 (4), and its actions and inactions as alleged in this Complaint form the basis for Mr. Ford's claims.

5. At all times relevant to this action, the individual(s) whose actions are complained of herein are and/or were employees or agents of the USPS, and for all

purposes herein, acted within the course and scope of their employment with and for the USPS such that their actions and inactions are attributable to the USPS.

6. Mr. Ford alleges that at the time when the actions complained of herein occurred, Mr. Ford had been working for the USPS for at least 12 months, and had worked at least 1,250 hours during the previous 12-month period.

7. This Court has jurisdiction over this matter pursuant to federal question, 29 U.S.C. § 2601 et. seq., and 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that the claims arose in Salt Lake County, State of Utah, the USPS employed Mr. Ford in the State of Utah; all of the employment practices alleged herein were committed within the State of Utah; and the relevant employment records are maintained in the State of Utah.

## BACKGROUND FACTS

9. Mr. Ford alleges his neck and back orthopedic problems qualified as "serious health conditions" within the meaning of the FMLA.

10. Mr. Ford had worked for the USPS for many years. In 2013, he was working as a carrier at the Cottonwood Heights post office.

11. At various times during his employment with the USPS, Mr. Ford suffered various serious health conditions and, at various times, applied for leave under the FMLA.

12. The USPS usually approved Mr. Ford's requests for leave under the FMLA.

13. In 2011, 2012 and 2013, Mr. Ford again applied for leave under the Family and Medical Leave Act on an intermittent basis for his neck and back injuries/serious health conditions.

14. In early 2013, new management consisting of Andrea Gunnarson and Heidi Clarke came to the Cottonwood Heights post office.

15. As such new management became oriented to the Cottonwood Heights station, Ms. Gunnarson and Ms. Clarke came to understand that Mr. Ford had used FMLA in the past and was currently using FMLA for various serious health conditions.

16. Thereafter, Ms. Gunnarson and Ms. Clarke intentionally took various adverse actions against Mr. Ford to interfere with his rights under the FMLA and to retaliate against him for exercising his rights under the FMLA.

17. Such actions included, but were not limited to, not accommodating his work restrictions, forcing Mr. Ford to violate Mr. Ford's work

restrictions, issuing various levels of discipline to Mr. Ford and ultimately terminated his employment.

18. Mr. Ford alleges such actions and inactions constitute violations of the FMLA.

19. These actions and inactions on the part of the USPS damaged Ford's psychological and physical health and caused an aggravation of his anxiety and depression and other conditions.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FMLA—INTERFERENCE

20. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 19 above.

21. The FMLA, 29 U.S.C. §2612(a)(1) provides:

[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period... (D)

22. In 2013, Mr. Ford was from suffering various serious health conditions.

23. Mr. Ford appropriately and timely requested FMLA leave which complied with 29 U.S.C. § 2613 (a) and (b). By so doing, he engaged in protected activity.

24. As Mr. Ford sought to apply for and use his FMLA leave, the USPS interfered with his rights under the FMLA.

25. As set forth above, the USPS interfered with Mr. Ford's entitlement to take FMLA leave, and it disciplined him and then terminated his employment, in part, because of his applying for FMLA leave, for using FMLA leave and for needing to use FMLA leave.

26. By engaging in the actions and inactions set forth above, the USPS violated the non-interference provisions and protections of the FMLA.

27. Such violations have caused Mr. Ford losses, injuries and other damages.

28. Mr. Ford has experienced the loss of wages and other benefits and privileges of his employment.

29. Such violations have also caused him physical and psychological distress.

30. Pursuant to 29 U.S.C. § 2617, the USPS is liable to Mr. Ford for all wages, wage increases and benefits, and other compensation, to which he would have been entitled but for the USPS's violation of the FMLA, prejudgment interest on those losses, and an additional amount as liquidated damages equal to the damages (Mr. Ford alleging that such violations were wilful) plus prejudgment interest thereon,

reasonable attorney's fees, reasonable expert witness fees and any other costs of this action, and for such other and further equitable relief as this Court deems appropriate.

## SECOND CAUSE OF ACTION
## SECOND VIOLATION OF FMLA—RETALIATION

31. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 30 above.

32. The FMLA, 29 U.S.C. §2612(a)(1) provides:

[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period... (D)

33. In 2013, Mr. Ford was suffering from various serious health conditions.

34. Mr. Ford appropriately and timely requested FMLA leave which complied with 29 U.S.C. § 2613 (a) and (b). By so doing, he engaged in protected activity.

35. After Mr. Ford applied for and used his FMLA leave, the USPS took various adverse actions against him, including eventually terminating his employment.

36. As set forth above, the USPS interfered with Mr. Ford's entitlement to take FMLA leave, and it disciplined him and then terminated his

employment, in part, because of his applying for FMLA leave, for using FMLA leave and for needing to use FMLA leave.

37. By engaging in the actions and inactions set forth above, the USPS has violated the non-retaliation provisions and protections of the FMLA.

38. The decision to terminate Mr. Ford was retaliatory.

39. Such violations have caused Mr. Ford losses, injuries and other damages.

40. Mr. Ford has experienced the loss of wages and other benefits and privileges of his employment.

41. Such violations have also caused him physical and psychological distress.

42. Pursuant to 29 U.S.C. § 2617, the USPS is liable to Mr. Ford for all wages, wage increases, employee benefits, and other compensation, to which he would have been entitled but for the USPS's salary, which violation of the FMLA, prejudgment interest on those losses, and an additional amount as liquidated damages equal to the damages (Mr. Ford alleging that such violations were wilful) plus prejudgment interest thereon, reasonable attorney's fees, reasonable expert witness fees and any other costs of this action, and for such other and further equitable relief as this Court deems appropriate.

### THIRD CAUSE OF ACTION
### FOR VIOLATIONS OF THE VOCATIONAL
### REHABILITATION ACT OF 1973

### (RESERVED)

### JURY DEMAND

Mr. Ford, by and through his undersigned counsel and pursuant to Fed.R.Civ.P. 38, hereby demands a trial by jury of all issues triable of right by jury.

### PRAYER FOR RELIEF

WHEREFORE, Howard O. Ford hereby prays for the following relief:

1. On his First Cause of Action, for judgment determining that the USPS violated the FMLA and is, therefore, liable to Mr. Ford for damages equal to his wages, employment benefits, or other compensation which were denied or lost to Mr. Ford as a result of the USPS's violations of the FMLA;

2. For prejudgment interest on his lost wages;

3. For liquidated damages in an amount equal to the sum of the amounts awarded in 1 and 2 above;

4. On his Second Cause of Action, for judgment finding that the USPS violated the FMLA and is, therefore, liable to Mr. Ford for damages equal to his lost wages, employment benefits, or other

compensation lost or denied to Mr. Ford as a result of the USPS's violations of the FMLA;

5. For prejudgment interest on his lost wages;

6. For liquidated damages in an amount equal to the sum of the amounts awarded in 4 and 5 above;

7. For Mr. Ford's reasonable attorneys' fees, reasonable expert witness fees, and any other costs of the action;

8. For post-judgment interest on all amounts awarded to Mr. Ford herein accruing from the date of judgment to the date of satisfaction of judgment awarded herein; and

9. For such other and further equitable relief as this Court deems appropriate under the circumstances.

DATED this 29th day of July, 2015.

    /s/ David J. Holdsworth

David J. Holdsworth

*Attorney for Plaintiff*

VERIFICATION

Howard O. Ford , being first duly sworn, upon his oath, deposes and says that he is the Plaintiff in the above-entitled action, that he has read the foregoing COMPLAINT and understands the contents thereof, and the allegations made therein are true of his own knowledge, except as to those matters alleged on information and belief which he believes to be true.

  /s/ Howard O. Ford_____
Howard O. Ford

SUBSCRIBED AND SWORN to before me, a Notary Public, this \_\_\_\_ day of July, 2015.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:        RESIDING AT: _____

                                                 _____